Quinlan, J.
This matter came before the court on the defendants’ motion for reconsideration of sanctions imposed on the defendants and counsel by order dated September 14, 2001. The sanctions consisted of $1,215.00 and were imposed on defendant Albert Casiello, defendant Paul Ventura and upon their counsel of record. After hearing, the court allows the defendants’ Motion for Reconsideration. Upon reconsideration, the court modifies its order of September 14, 2001 as set forth below.
Discussion
At the outset, the court notes that on June 20, 2001, a suggestion of bankruptcy by the defendant Casiello was filed in this action. The court is also informed that the bankruptcy petition has since been dismissed since it had been less than six years since Casiello’s last filing. A second suggestion of bankruptcy for Casiello was filed on October 10, 2001. Notwithstanding the hiatus between bankruptcy filings, the stay in this action has been limited to defendants in bankruptcy and not to the action against other defendants. See Order dated 7/10/01 (Fahey, J.). The plaintiffs sought to depose Casiello and Ventura individually and as keepers of records of Allied Recycling, Inc., Dakota Recycling, Inc. and New England Disposal Group, Inc.
There is a history preceding this deposition. Casiello, as keeper of records, had failed to appear at a prior deposition which had been noticed. His failure to appear resulted in plaintiffs filing a motion to compel discovery. On July 10, 2001, the court allowed that motion. The keepers of records of Allied Recycling, Inc., Dakota Recycling, Inc., and New England Disposal Group, Inc., i.e. Casiello and Ventura, were ordered to appear for deposition within 20 days and the court further ordered Casiello and Ventura each to pay plaintiffs $125.00 within 30 days of the order “for their and their agent’s failure to appear for deposition.” See Order dated 7/10/01. The order did not address the deposition of Casiello and Ventura as individuals.
The deposition ordered by Judge Fahey was scheduled for August 1, 2001.[1] A copy of the transcript of that deposition has been made available to the court. Casiello set the tone by arriving an hour and forty-five minutes late. The deposition which had been scheduled for 9 a.m. began at 10:47 a.m. and concluded at 12:50 p.m.[2] The deposition could have been completed within the allotted time. However, due to Casiello’s late arrival and his responses during the deposition, a second day will be necessary.
The transcript demonstrates Casiello was argumentative, belligerent and antagonistic during the deposition. His responses to questions reflect a deliberate intent to obfuscate, confuse and frustrate the purpose of the deposition. The transcript is replete with non-responsive and/or evasive answers to questions. Casiello repeatedly claimed lack of memory. In other instances, he simply refused to answer the questions asked or other questions on the same subject. Periodically Casiello gives posturing speeches in lieu of answers to make sure certain matters he considered significant were “on the record.” Casiello threatened plaintiffs’ counsel with complaints to the “BBO” and accuses him inter alia of malpractice, of illegally opening his mail or discriminating against him because he is Italian or other misconduct. Casiello limited the scope of his deposition — ultimately refusing to answer questions except in his capacity as keeper of records. After much haranguing, the deposition was limited to Casiello as keeper of the records, a limitation Casiello appears to have narrowly construed.
Casiello’s conduct during the deposition verged on contempt. His multiple bankruptcy filings do not give him a license to act as he did during the deposition. Therefore, the sanctions are imposed against him personally and notwithstanding his bankruptcy.
Attempts to resume and complete the deposition have been unsuccessful. The continued deposition of Casiello was scheduled for October 10, 2001. After *193 assurances given on October 9, 2001, plaintiffs counsel ordered a stenographer. The stenographer appeared; Casiello did not. The stenographer’s attendance fee was $125.00.
With respect to Casiello’s counsel, the court will vacate the sanctions imposed. Counsel failed to control the situation. However, it was the deponent Casiello who was a recalcitrant obstructionist, sometimes against advice of counsel. In lieu of requiring counsel to pay, the court warns counsel that the conduct of the client can negatively impact the attorney’s professional reputation and will subject the attorney to sanctions if the conduct reflected in the deposition transcript should continue. Casiello should bear the cost of the sanctions imposed as a result of the August 1st deposition. With respect to the continued deposition on October 10th, the stenographer was ordered on counsel’s assurance that the deposition would continue. It is appropriate that counsel bear the cost of the attendance fee.
Order
Based upon the hearing, arguments of counsel and review of the transcript of the deposition, the court ORDERS that the sanctions imposed upon defendants Paul Ventura and upon counsel for the deponents are VACATED without prejudice to reconsideration for cause shown. Upon reconsideration, the court ORDERS that the deponent Albert P. Casiello shall pay to the plaintiffs the sum of $1,215.00 previously ordered plus $125.00 or a total of $1,340.00 on or before October 25, 2001. If Casiello shall fail to pay the sanctions as ordered, the court will entertain a motion to hold him in civil contempt.
The further ORDERS that the deponent Albert P. Casiello shall attend the further deposition on and to answer questions both in his capacity as an individual and as the designated Keeper of Records. This order is issued without prejudice to the plaintiffs’ right to seek such further relief as may be appropriate and necessary if the deponent either fails to appear or fails to answer questions asked of him during the deposition. The court further orders counsel for Casiello to pay the cost of the stenographer’s attendance fee on October 10, 2001.

 Upon arrival, plaintiffs counsel was told that Ventura would not be present since he was in the hospital. Another new date for Ventura’s deposition as a keeper of records was necessaiy.

 Plaintiffs counsel had a prior commitment for the afternoon.